IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAY BLANCHARD,

     Plaintiff,

v.                                        Civil Action No. 5:15CV45
                                                        (STAMP)

UNITED STATES OF AMERICA,

     Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE;
GRANTING DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I. Background

The pro se[1] plaintiff, Ray Blanchard, initiated this case by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., alleging that he was denied his right to emergency medical treatment while incarcerated at FCC-Hazelton. Specifically, the plaintiff alleges that the negligence of the Hazelton staff led to him requiring two knee surgeries for an injury that he is still suffering from. The plaintiff alleges that page 21 of Hazelton's Inmate Handbook provides that emergency health services are available 24 hours daily. For relief, the plaintiff requests either that a settlement be arranged or that a trial be set on the claims presented.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Pursuant to Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation. Upon preliminary review, it appeared to the magistrate judge that the plaintiff might not have exhausted his administrative tort claim as required by 28 U.S.C. § 2675, or might have filed his FTCA claim beyond the statute of limitations. Accordingly, the magistrate judge instructed the defendant to file an answer limited to the issues of exhaustion and timeliness. The defendant filed its response, in which it acknowledged that the plaintiff did exhaust his administrative remedies and filed his claim within the statute of limitations. Thus, the defendant was then ordered to file an answer addressing the merits of the complaint.

The defendant then filed a motion to dismiss or, alternatively, for summary judgment. In its motion, the defendant contends that the plaintiff has failed to file a screening certificate of merit with his complaint as required by West Virginia law. The defendant also argues that the plaintiff has failed to establish that a duty was breached or that any current injury to his knee was proximately caused by any act or omission of the defendant.

A Roseboro[2] notice was issued and, in response, the plaintiff filed a motion for summary judgment.  In his motion, the plaintiff argues that he has established the four required elements of a negligence claim.  First, the plaintiff contends that the defendant had a duty to provide him with 24-hour emergency care.  Second, he argues that the defendant breached that duty by (1) not having an adequate health care official to evaluate such a serious injury; (2) having him housed on the top bunk when there were specific instructions from prison doctors to house him on a bottom bunk; and (3) transferring him to another facility after there were doctor's orders in place to have a second surgery.  Third, the plaintiff argues that the causation was prison officials neglecting to follow doctor's orders in housing him on the bottom bunk.  Fourth, the plaintiff contends that the damages are his damaged right meniscus and additional pain and/or damage to his right knee.

The magistrate judge then entered a report and recommendation recommending that this Court dismiss the plaintiff's claim.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation.  Neither party filed any objections to the report and recommendation.  For the

---

[2] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se plaintiff of his right to file material in response to a motion for summary judgment).

reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the plaintiff did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

The FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Thus, because the alleged negligent acts occurred in West Virginia, the substantive law of West Virginia governs this case.

To prove a medical negligence claim in West Virginia, the plaintiff must establish that:

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3. Expert testimony is required if the medical negligence claim involves an assessment of whether the plaintiff was properly diagnosed and whether the health care provider was the proximate cause of the plaintiff's injuries. Banfi v. Am. Hosp. for Rehab., 529 S.E.2d 600, 605-06 (W. Va. 2000).

Additionally, to establish a medical negligence claim under West Virginia law, certain requirements must be met before a health care provider may be sued. Specifically, compliance with the requirements of West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court. Stanley v. United States, 321 F. Supp. 2d 805, 806-07 (N.D. W. Va. 2004). Section 55-7B-6 provides the following prerequisites for filing an action against a health care provider:

> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted.

5

> The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

W. Va. Code § 55-7B-6(b). The magistrate explains that the plaintiff's medical negligence claim against the Hazelton medical staff must be dismissed because the plaintiff failed to provide a screening certificate of merit from a health care provider as required by § 55-7B-6.

The magistrate judge recognizes that there is an exception to the certificate of merit requirement contained in § 55-7B-6(c), which provides as follows:

> (c) Notwithstanding any provision of this code, if a claimant or his or her counsel, believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel, shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.

W. Va. Code § 55-7B-6(c). However, the magistrate judge finds that the exception does not apply because the diagnosis and treatment of the plaintiff's lateral tibial fracture is too complex of a matter and not within the understanding of lay jurors without expert testimony. See O'Neill v. United States, No. 5:07CV358, 2008 WL 906470, at *4 (S.D. W. Va. Mar. 31, 2008) (finding "that the medical issues and alleged breaches contained therein 'relate to

6

complex matters of diagnosis and treatment that are not within the understanding of lay jurors by resort to common knowledge and experience'" (quoting Farley v. Shook, 629 S.E.2d 739, 744-45 (W. Va. 2006))). Furthermore, the plaintiff does not attempt to argue that the exception applies. Accordingly, the magistrate judge concludes that the plaintiff's FTCA claim must be dismissed because of the plaintiff's failure to submit a certificate of merit.

The magistrate judge then addresses the plaintiff's negligence claims on the part of the prison officials in housing him in an upper bunk and transferring to another facility when an order was in place for further surgery. As to those claims, the magistrate judge finds that the plaintiff did not file and exhaust an administrative tort claim as is required by 28 U.S.C. § 2675. See Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993) ("Among the limitations Congress placed on the consent to suit is the requirement that the plaintiff initially present an administrative claim to an appropriate federal agency within two years of the date the cause of action accrues."). The plaintiff's administrative grievance addressed only the claim against the Hazelton medical staff. Thus, the magistrate judge concludes that this Court is without jurisdiction to hear the claims because the plaintiff failed to exhaust administrative remedies.

This Court finds no error in the determinations of the magistrate judge and thus upholds his recommendation.

IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, this Court AFFIRMS and ADOPTS the magistrate judge's report and recommendation (ECF No. 44) in its entirety. Accordingly, the defendant's motion to dismiss or, alternatively, for summary judgment (ECF No. 27) is GRANTED and the plaintiff's motion for summary judgment (ECF No. 43) is DENIED. The plaintiff's complaint is thus DISMISSED WITH PREJUDICE and it is ORDERED that this civil action be STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     December 15, 2017

                                  /s/ Frederick P. Stamp, Jr.
                                  FREDERICK P. STAMP, JR.
                                  UNITED STATES DISTRICT JUDGE